UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NANCY PIAZZA, et al.,

    Plaintiffs,

v.                                               CASE NO: 8:10-cv-1582-T-23EAJ

AMBASSADOR II JV, L.P., et al.,

    Defendants.
_____/

## **ORDER**

Asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the defendant removes (Doc. 1) this action from the Circuit Court for Hillsborough County, Florida. The complaint (Doc. 2) alleges that the plaintiff "sustained permanent injuries when she tripped and fell due to a broken and uneven sidewalk which created a dangerous condition on premises owned by defendants." Though adequately alleging diversity of citizenship, the notice of removal fails to establish the required amount in controversy.

The complaint seeks damages in excess of $15,000. (Doc. 2, ¶ 1) The notice of removal states, "The Notice of Removal is filed with this Court within thirty days after defendants' receipt of a copy of Plaintiff's Settlement Demand dated June 18, 2010, from which defendants first ascertained that the case is or has become removable, when Plaintiff demanded $225,000.00 in settlement of this matter . . . ." (Doc. 1, ¶ 9) The defendants rely exclusively on the demand letter (Doc. 3-1) to establish the amount in controversy. However, the demand letter states (Doc. 3-1 at 9) that the plaintiff has incurred only $14,963.48 in medical expenses.

Pursuant to 28 U.S.C. § 1441, the defendant may remove an action over which a federal district court has original jurisdiction. The removing defendant bears the burden of establishing facts supporting federal jurisdiction. See Allen v. Toyota Motor Sales, U.S.A., Inc., 155 F. App'x 480, 481 (11th Cir. 2005). If the complaint seeks an indeterminate amount of damages, "the defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy" exceeds $75,000. Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002). The defendant must establish that diversity jurisdiction exists on the date of removal. Leonard, 279 F.3d at 972. The removal statute is construed narrowly with any doubt resolved against removal. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).

A settlement offer is relevant but not determinative of the amount in controversy. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1995). Furthermore, a settlement demand provides only marginal evidence of the amount in controversy because the "plaintiff's letter is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages" sought by the plaintiff. Standridge v. Wal-Mart Stores, Inc., 945 F. Supp. 252, 256-57 (N.D. Ga. 1996). In this case, the demand letter substantiates less than $15,000.00 of damage. Even if the amount in controversy includes the plaintiff's speculative "future wage loss" of $49,900.00 (which speculation is proscribed by Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007)), the demand letter fails to show that the amount in controversy exceeds $75,000.00. Accordingly, the demand letter fails to establish the

amount in controversy by a preponderance of the evidence. See Fields v. State Farm Mut. Auto. Ins. Co., 2008 WL 2705424, No. 6:08-cv-632-Orl-19KRS (M.D. Fla. July 9, 2008); Elder v. T-Fal, Inc., 2007 WL 4060230, at *3, No. 1:07-cv-1280-JOF (N.D. Ga. Oct. 31, 2007) ("A demand letter, such as the one here, made without full investigation and dated more than two months before a complaint was filed, should be given little weight when it is inconsistent with a complaint, signed by counsel operating under the full weight of his ethical obligations to the court.").

Because the defendant fails to establish subject matter jurisdiction, this action is **REMANDED** to the Circuit Court for Hillsborough County, Florida. The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Hillsborough County, Florida, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on July 21, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE